IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

GERARDO CASTELLANOS,

    Plaintiff,

vs.

THE ART OF FREEDOM INC. d/b/a
LA ESQUINA DE LA FAMA,
a Florida Corporation, ARLENA LOPEZ, an
individual and MIGUEL CAMPOS a/k/a MIKY
CHEVALIER, an individual.

    Defendants.
_____/

## COMPLAINT

**COME NOW,** Plaintiff, Gerardo Castellanos (hereinafter "Plaintiff") and sues Defendants, The Art of Freedom Inc. d/b/a La Esquina de la Fama (hereinafter "Art of Freedom"), Arlena Lopez, an individual (hereinafter "Lopez"), and Miguel Campos a/k/a Miky Chevalier, an individual (hereinafter "Campos")(hereinafter collectively "Defendants"), and alleges as follows:

1.    This is an action for damages for unpaid wages under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2.    Plaintiff is a resident of Miami-Dade County Florida, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209.

3.    Art of Freedom is a Florida corporation that does business under the fictitious name of La Esquina de la Fama and/or La Esquina de la Fama #2 and has its principal place of business in Miami-Dade County, Florida where Plaintiff worked, and at all times material hereto

1

is engaged in interstate commerce. Art of Freedom is a restaurant located at 1388 SW 8th Street, Miami, Florida 33135.

4. Lopez was and is an owner, officer and operator of Art of Freedom for the relevant time period. She ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. She lives and works in Miami-Dade County, Florida and is otherwise *sui juris*.

5. Campos was and is an owner, officer and operator of Art of Freedom for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in Miami-Dade County, Florida and is otherwise *sui juris*.

6. Campos was at all material times an agent, apparent agent and/or ostensible agent of Art of Freedom. He had supervisory responsibilities over Plaintiff and other employees, was Art of Freedom's General Manager, hired employees, maintained authority over Art of Freedom's bank accounts, handled the business operations and also exerted operational control over the day-to-day functions of Art of Freedom.

7. Defendants collectively operated as and were Plaintiff's direct employers, joint employers and co-employers for purposes of the Fair Labor Standards Act, as the term employer is defined by 29 U.S.C. §203(d). All Defendants employed the Plaintiff.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, they maintain their office and principal place(s) of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occur within this District.

**FACTS**

9. On or about April, 2016, Plaintiff became an employee for Art of Freedom. Plaintiff's duties included: washing dishes, cleaning the restaurant, picking up goods, receiving goods, ordering goods, painting the restaurant and general repairs to the restaurant. Plaintiff continued working for Art of Freedom until on or about August 29, 2019. Plaintiff would be compensated at approximately the rate of $8.77 per hour from April, 2016 until August 29, 2019.

10. Art of Freedom is and was, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Art of Freedom operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. Art of Freedom obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of Art of Freedom was at all times material hereto in excess of $500,000.00 per annum and/or Plaintiff by virtue of working in interstate commerce, otherwise satisfy the Fair Labor Standards Act requirements. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service and sale of foodstuff, produce, meats, beverages, alcoholic beverages and products that have moved through interstate commerce. Defendants cooked, prepared and stored perishables and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act

applies to Plaintiff's work for Defendants in the course of his handling food, produce and beverages that have traveled through interstate commerce while also regularly and routinely utilizing equipment, telephone lines and funds that also traveled through interstate commerce.

12. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

13. Any and all conditions precedent to filing this lawsuit have been satisfied by Plaintiff.

## COUNT I- WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST ART OF FREEDOM

14. Plaintiff realleges and re-adopts each and every allegation as stated in Paragraphs 1-13 above as if set out in full herein.

15. This action is brought by Plaintiff to recover from Art of Freedom unpaid overtime compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207(a)(1) states, "No employer shall employ any of his employees…for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and half times the regular rate at which he is employed."

16. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Art of Freedom is and was, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Art of Freedom operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States. Art of Freedom obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its

business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce. Upon information and belief, the annual gross revenue of Art of Freedom was at all times material hereto in excess of $500,000.00 per annum and/or Plaintiff by virtue of working in interstate commerce, otherwise satisfy the Fair Labor Standards Act requirements.

17. By reason of the foregoing, Art of Freedom is and was, at all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s) and/or Plaintiff was and/or is engaged in interstate commerce for Art of Freedom. Art of Freedom business activities are of the type to which the Fair Labor Standards Act applies.

18. While employed by Art of Freedom, Plaintiff worked an average of 57.00 hours a week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed.

19. Art of Freedom paid Plaintiff approximately $8.77 an hour from or about October, 2016 through September, 2019 but failed to pay Plaintiff overtime wages for all of the hours he worked weekly in excess of forty hours per week.

20. Plaintiff seeks to recover for unpaid straight time, minimum wages and overtime wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

21. For the period of October, 2016 through August 29, 2019, Plaintiff is owed approximately $4.39 an hour in overtime wages for seventeen (17) hours of overtime per week. This is a total of $74.63 a week in overtime wages for approximately 150 weeks, which equals approximately $11,194.50 in unpaid wages plus liquidated damages of $11,194.50.  As such, Plaintiff is approximately owed a total of $22,389.00 for this period.

22. At all times material hereto, Art of Freedom failed to comply with Title 29 U.S.C. §§209-219 and 29 C.F.R. §516.2 and §516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Art of Freedom to properly pay the Plaintiff at the rate of time and one half of all hours worked in excess of forty hours (40) per workweek as provided in said Act.

23. Art of Freedom knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Art of Freedom as set forth above, and Plaintiff is entitled to recover liquidated damages.

24. Art of Freedom willfully and intentionally refused to pay Plaintiff his wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Art of Freedom as set forth above.

25. Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, Gerardo Castellanos, requests this honorable Court:

a. Enter judgment for Plaintiff and against the Defendant The Art of Freedom Inc. d/b/a La Esquina de la Fama, on the basis of Defendant, The Art of Freedom Inc. d/b/a La Esquina de la Fama's, willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* and other federal regulations;

b. award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest;

c. award Plaintiff an equal amount in double damages/liquidated damages;

    d.    award Plaintiff reasonable attorneys' fees and costs of suit; and

    e.    grant such other and further relief as this Court deems equitable and just.

<h3 style="text-align:center;"><u>COUNT II- FEDERAL STATUTORY VIOLATION- FAILURE TO PAY WAGES<br>(AS TO DEFENDANTS LOPEZ AND CAMPOS)</u></h3>

26.    Plaintiff realleges and re-adopts each and every allegation as stated in Paragraphs 1-13 above as if set out in full herein.

27.    At the times mentioned herein, Lopez, was, and is now, the President of Art of Freedom. Campos was, and is now, owner, officer and operator of Art of Freedom. Lopez and Campos were employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" (29 U.S.C. §203(d)) in that Lopez and Campos acted directly in the interests of Art of Freedom in relation to the employees of Art of Freedom, including Plaintiff. Lopez and Campos had operational control of the business and are jointly liable for Plaintiff's damages. Under the Fair Labor Standards Act, an individual is considered an employer if he is an officer of the business with operation control and the Court finds that the corporate Defendant is subject to the Fair Labor Standards Act.

28.    Lopez and Campos willfully and intentionally refused to pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Art of Freedom as set forth above.

29.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and are obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, Gerardo Castellanos, requests this honorable Court:

    a.    Enter judgment for Plaintiff and against the Defendants Arlena Lopez and Miguel Campos a/k/a Miky Chevalier on the basis of Arlena Lopez and Miguel Campos a/k/a Miky

Chevalier's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. and other federal regulations;

    b.    award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest;

    c.    award Plaintiff an equal amount in double damages/liquidated damages;

    d.    award Plaintiff reasonable attorneys' fees and costs of suit; and

    e.    grant such other and further relief as this Court deems equitable and just.

### COUNT III- UNPAID WAGES
### (AS TO ALL DEFENDANTS)

30. Plaintiff realleges and re-adopts each and every allegation as stated in Paragraphs 1-13 above as if set out in full herein.

31. Plaintiff performed his services as reflected above for Art of Freedom, Lopez and Campos up through the day and time he was terminated from employment and had accordingly earned the monies, including, but not limited to base pay, bonuses and vacation pay, for which he seeks recovery.

32. Art of Freedom, Lopez and Campos failed to pay Plaintiff his regular compensation for work performed by Plaintiff for Art of Freedom, Lopez and Campos.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff, Gerardo Castellanos, requests this honorable Court award him his unpaid compensation, interest, attorney's fees pursuant to Florida Statutes §448.08 and costs and all other remedies allowable by law.

## COUNT IV - UNJUST ENRICHMENT
## (AS TO DEFENDANT ART OF FREEDOM)

34. Plaintiff realleges and re-adopts each and every allegation as stated in Paragraphs 1-13 above as if set out in full herein.

35. Plaintiff conferred a benefit upon Art of Freedom, who had knowledge thereof.

36. Art of Freedom voluntarily accepted and retained the benefit conferred.

37. The circumstances render Art of Freedom retention of the benefit inequitable unless the Art of Freedom pays to Plaintiff the value of the benefit.

38. Plaintiff is entitled to damages as a result of Art of Freedom unjust enrichment, including all back wages owed to Plaintiff.

**WHEREFORE,** the Plaintiff, Gerardo Castellanos, requests this honorable Court enter judgment against the Defendant, The Art of Freedom Inc. d/b/a La Esquina de la Fama, for damages, interest and costs, and any other relief this court deems just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for jury trial on all counts.

Dated: October 15, 2019.

Respectfully submitted,

LAW OFFICES OF RICHARD R. ROBLES, PA.
905 Brickell Bay Drive
Four Ambassadors
Tower II, Mezzanine, Suite 228
Miami, FL 33131
Phone: 305-755-9200
Primary E-mail: rrobles@roblespa.com
Secondary E-mail: nrossoletti@roblespa.com

By: /s/ Richard R. Robles, Esquire
Richard R. Robles, Esqure
Fla. Bar No. 88481
Nicholas G. Rossoletti, Esquire
Fla. Bar No. 51466