## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-24243-KMM

GERARDO CASTELLANOS,

      Plaintiff,

vs.

THE ART OF FREEDOM INC., d/b/a
LA ESQUINA DE LA FAMA,
a Florida Corporation, ARLENA LOPEZ, an
Individual and MIGUEL CAMPOS a/k/a MIKY
CHEVALIER, an individual,

      Defendants.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S COMPLAINT

COME NOW, the Defendants, THE ART OF FREEDOM INC., d/b/a LA ESQUINA DE

LA FAMA MIRAGE OPERATIONS, LLC, ARLENA LOPEZ, and MIGUEL CAMPOS a/k/a

MIKY CHEVALIER, individually, ("the Defendants"), by and through undersigned counsel, and

hereby file their Answer and Affirmative Defenses to the Plaintiff's, GERARDO

CASTELLANOS ("the Plaintiff")[1], Complaint, and in support thereof states as follows:

1.      The Defendants admit for jurisdictional purposes only the allegations contained in

paragraph 1, but deny the remaining allegations in paragraph 1.

2.      The Defendants admit that Plaintiff is a resident of Miami Dade County, and

cannot admit nor deny due to insufficient knowledge as to the accuracy of the verification, and

the remainder of the allegation contained in paragraph 2 is denied.

---

[1] The Plaintiff's name is Gerardo Castellanos, however, he is also known as Eusebio Garcia.

3.      The Defendants deny that The Art of Freedom does business under the fictitious name of La Esquina de la Fama #2 and that Plaintiff worked at all time material hereto. The remaining allegations in paragraph 3 are admitted.

4.      The Defendants admit the allegation in paragraph 4 as it relates to Defendant, Arlena Lopez, but denies the allegation for the relevant time period.

5.      The Defendants deny the allegations as phrased in paragraph 5.

6.      The Defendants deny the allegations as phrased in paragraph 6.

7.      The Defendants deny the allegations as phrased in paragraph 7.

8.      The Defendants admit for jurisdictional purposes only the allegations contained in paragraph 8.

9.      The Defendants deny the allegations as phrased contained in paragraph 9.

10.     It is admitted that the Corporate Defendant is a restaurant and is an enterprise engaged in commerce pursuant to the Fair Labor Standards Act. All other allegations and inferences in paragraph 10 are denied as phrased.

11.     The Defendants admit that the Plaintiff worked for The Art of Freedom, but deny the remainder of the allegations as phrased contained in paragraph 11.

12.     The Defendants cannot admit nor deny due to insufficient knowledge the allegations contained in Paragraph 12.

13.     The Defendants deny the allegations contained in paragraph 13.

**COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION
AGAISNT DEFENDANT ART OF FREEDOM**

14.     Paragraph 14 re-alleges all previous allegations and no response is required. All other allegations and inferences are denied.

Case 1:19-cv-24243-JB   Document 12   Entered on FLSD Docket 12/10/2019   Page 3 of 8

Page 3

15.     The Defendant admits that the Plaintiff is attempting to bring an action to recover from Defendant, The Art of Freedom, unpaid overtime compensation, liquidated damages, costs, and reasonable attorney's fees, but Defendant denies that Plaintiff is entitled to any overtime compensation wage, liquidated damages, cost, and reasonable attorney's fees under the FLSA.

16.     It is admitted that the Corporate Defendant is an enterprise engaged in commerce pursuant to the Fair Labor Standards Act. All other allegations and inferences in paragraph 16 are denied as phrased.

17.     It is admitted that the Corporate Defendant is an enterprise engaged in commerce pursuant to the Fair Labor Standards Act. All other allegations and inferences in paragraph 17 are denied as phrased.

18.     The Defendant denies the allegations contained in paragraph 18.

19.     The Defendant denies the allegations contained in paragraph 19.

20.     The Defendant admits that the Plaintiff is attempting to bring an action to recover from Defendant, The Art of Freedom, unpaid straight time, minimum wages and overtime wages, but Defendant denies that the Plaintiff is entitled to such relief.

21.     The Defendant denies the allegations contained in paragraph 21.

22.     The Defendant denies the allegations contained in paragraph 22.

23.     The Defendant denies the allegations contained in paragraph 23.

24.     The Defendant denies the allegations contained in paragraph 24.

25.     The Defendant cannot admit nor deny due to insufficient knowledge the allegations contained in Paragraph 25.

## COUNT II: FEDERAL STATUTORY VIOLATION-FAILURE TO PAY WAGES
### (AS TO DEFENDANTS LOPEZ AND CAMPOS)

26.     Paragraph 26 re-alleges all previous allegations and no response is required. All other allegations and inferences are denied.

27.     The Defendants admit that Defendant, Arlena Lopez is the President of The Art of Freedom, but deny the remaining allegations in paragraph 27.

28.     The Defendants deny the allegations contained in paragraph 28.

29.     The Defendants cannot admit nor deny due to insufficient knowledge the allegations contained in Paragraph 29.

## COUNT III: UNPAID WAGES
### (AS TO ALL DEFENDANTS)

30.     Paragraph 30 re-alleges all previous allegations and no response is required. All other allegations and inferences are denied.

31.     The Defendants admit that the Plaintiff was employed by the Corporate Defendant, The Art of Freedom, but deny the remainder of allegations as phrased contained in paragraph 31.

32.     The Defendants deny the allegations contained in paragraph 32.

33.     The Defendants cannot admit nor deny due to insufficient knowledge the allegations contained in Paragraph 33.

## COUNT IV-UNJUST ENRICHMENT
### (AS TO DEFENDANT ART OF FREEDOM)

34.     Paragraph 34 re-alleges all previous allegations and no response is required. All other allegations and inferences are denied.

35.     The Defendant denies the allegations as phrased contained in paragraph 35.

36.     The Defendant denies the allegations as phrased contained in paragraph 36.

37.     The Defendant denies the allegations contained in paragraph 37.

38.     The Defendant denies the allegations contained in paragraph 38.

## AFFIRMATIVE DEFENSES

For their <u>First Affirmative Defense</u>, Defendants state that Plaintiff failed to state a cause of action for which relief can be granted, as the Plaintiff failed to sufficiently plead a basis upon which relief can be granted. The Plaintiff fails to allege with specificity any factual allegations to establish the requisite elements. The Plaintiff fails to set forth ultimate facts to show that the Plaintiff is entitled to relief.

For their <u>Second Affirmative Defense</u>, Plaintiff's claims against MIGUEL CAMPOS a/k/a MIKY CHEVALIER in his individual capacity are barred because he is not an "Employer" within the meaning of the FLSA.

For their <u>Third Affirmative Defense</u>, Defendants assert that the regular rate cannot be computed based upon, and overtime cannot be recovered, by Plaintiff for periods of time during which he performed no work, or otherwise was absent from the workplace, the Art of Freedom. Specifically, the Plaintiff was not employed at the Art of Freedom, Inc., from March 30, 2017, through January 3, 2018.

For their <u>Fourth Affirmative Defense</u>, Defendants assert that Plaintiff was not personally engaged in commerce for all of the period in which he is requesting relief from the Defendants. Specifically, the Plaintiff was not employed by the Art of Freedom, Inc., from March 30, 2017, through January 3, 2018.

For their <u>Fifth Affirmative Defense</u>, the Plaintiff is estopped from asserting claims for unpaid wages where Plaintiff has misrepresented his hours of work, and other related payments made.

For their <u>Sixth Affirmative Defense</u>, Defendants state that they cannot be held liable for liquidated damages because they at all times material acted in good faith and had reasonable grounds for believing their acts or omissions were not a violation of the FLSA and believed then and believes now that their actions fully comply with the FLSA.

For their <u>Seventh Affirmative Defense</u>, Defendants acted in good faith reliance upon, and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing they were not in violation of the FLSA.

For their <u>Eight Affirmative Defense</u>, the Plaintiff was paid all wages owed to him. Without assuming the burden of proof, Defendants at all times paid Plaintiff any and all payments owed for any services Plaintiff may have rendered.

For their <u>Ninth Affirmative Defense</u>, the alleged time for which Plaintiff seeks compensation is irregular as well as practically and administratively difficult to record.

For their <u>Tenth Affirmative Defense</u>, Defendants state that there can be no recovery because some or all of the time for which compensation is sought is *de minimis*, and therefore is not compensable.

For their <u>Eleventh Affirmative Defense</u>, Defendants state that to the extent that Plaintiff performed work without their actual and/or constructive knowledge, he is not entitled to recovery for such time.

For their <u>Twelve Affirmative Defense</u>, Defendants state that they are entitled to a set off for any wages or damages due to Plaintiff for any/all loans, premium compensation, overpayments, bonuses, compensatory time off, overtime compensation paid, or other benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff.

For their <u>Thirteenth Affirmative Defense</u>, Defendants state that the Portal-to-Portal Act bars Plaintiff's claims, in whole or in part. Additionally, any preliminary or post-liminary work performed by Plaintiff was either *de minimis* or was otherwise compensated.

For their <u>Fourteenth Affirmative Defense</u>, the Defendants state that some of the activities for which Plaintiff seeks compensation were not "work" within the meaning of the Fair Labor Standards Act. Some of the activities were not integral and indispensable to the principal activities of Defendants and/or were taken for Plaintiffs' own convenience.

For their <u>Fifteenth Affirmative Defense</u>, Defendants state that Plaintiff cannot recover both liquidated damages and interest if Plaintiff prevails on his FLSA claim(s).

For their <u>Sixteenth</u> Affirmative Defense, Defendants state that Defendants' violation, if any, was not willful in nature, and the Plaintiff's cause of actions should only accrue for two years from the filing of the Complaint. Plaintiff's claims are barred at least in part, by the applicable statute of limitations under 29 U.S.C. §255.

For their <u>Seventeenth Affirmative Defense</u>, the Plaintiff's attorney is not entitled to Attorney's Fees for failure to make pre-trial notice of Defendants or Defendants' attorney

For their <u>Eighteenth Affirmative Defense</u>, the Defendants state that Plaintiff failed to mitigate any damages allegedly sustained. As such, any damages actually sustained by the Plaintiff should be reduced proportionally for the failure to mitigate such losses.

Defendants reserve the right to assert other, viable Affirmative Defenses as they become known through the course of discovery.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendants respectfully request a trial by jury of all issues so triable.

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a true and correct copy of the this document was served through filing in the U.S. District Court's CM/EDF System on this 10<u>th</u> day of December, 2019, which will serve copies on Richard R. Robles, Esq., Attorney for Plaintiff, the Law Office of Richard R. Robles, P.A., 905 Brickell Bay Drive, Four Ambassadors, Tower II, Mezzanine, Suite 228, Miami, Florida 33131.


Respectfully submitted,

AVELINO J. GONZALEZ, P.A.
6780 Coral Way, Miami, Florida
Phone: (305) 668-3535
Fax:    (305)668-3545

By:     */s/ Avelino J. Gonzalez, Esq.*
        AVELINO J. GONZALEZ, ESQ.
        Florida Bar No.: 075530

        LAURA PEREIRA, ESQ.
        Florida Bar No.: 124807